David Krieger, Esq.
Nevada Bar No. 9086
Shawn Miller, Esq.
Nevada Bar No. 7825
KRIEGER LAW GROUP, LLC
2850 W. Horizon Ridge Parkway
Suite 200
Henderson, Nevada 89052
Phone: (702) 848-3855
Email: dkrieger@kriegerlawgroup.com
Email: smiller@kriegerlawgroup.com

Attorney for Plaintiff
*Raymunda Santos*

# UNITED STATES DISTRICT COURT
## DISTRICT OF NEVADA

|  |  |
|---|---|
| RAYMUNDA SANTOS, | : Civil Action No.: |
|  | : |
| Plaintiff, | : **COMPLAINT FOR DAMAGES** |
| v. | : **PURSUANT TO THE FAIR** |
|  | : **CREDIT REPORTING ACT, 15** |
| MILLIMAN, INC, | : **U.S.C. § 1681, ET SEQ.** |
|  | : |
| Defendant. | : **JURY TRIAL DEMANDED** |
|  | : |
|  | : |

KRIEGER LAW GROUP, LLC
2850 W. Horizon Ridge Pkwy, Suite 200
Henderson, Nevada 89052

## INTRODUCTION

1. The United States Congress has found the banking system is dependent upon fair and accurate credit reporting.  Inaccurate credit reports directly impair the efficiency of the banking system, and unfair credit reporting methods undermine the public confidence, which is essential to the continued functioning of the banking system. Congress enacted the Fair Credit

Reporting Act, 15 U.S.C. § 1681 *et seq.* ("FCRA"), to ensure fair and accurate reporting, promote efficiency in the banking system, and protect consumer privacy. The FCRA seeks to ensure consumer reporting agencies exercise their grave responsibilities with fairness, impartiality, and a respect for the consumer's right to privacy because consumer reporting agencies have assumed such a vital role in assembling and evaluating consumer credit and other information on consumers. The FCRA also imposes duties on the sources that provide credit information to credit reporting agencies, called "furnishers."

2. Through a tightly wound set of procedural protections, the FCRA protects consumers from the material risk of harms that otherwise flow from inaccurate reporting. Thus, through the FCRA, Congress struck a balance between the credit industry's desire to base credit decisions on accurate information, and consumers' substantive right to protection from damage to reputation, shame, mortification, and the emotional distress that naturally follows from inaccurate reporting of a consumer's fidelity to his or her financial obligations.

3. Raymunda Santos ("Plaintiff"), by Plaintiff's attorneys, brings this action against Milliman, Inc ("Milliman" or "Defendant") for violations of the FCRA, as set forth below.

**JURISDICTION AND VENUE**

4. This Court has federal question jurisdiction because this case arises out of violations of the FCRA. 15 U.S.C. § 1681 *et seq.*; 28 U.S.C. § 1331; *Smith v. Community Lending, Inc.*, 773 F.Supp.2d 941, 946 (D. Nev. 2011).

5. Venue is proper in the United States District Court for the District of Nevada pursuant to 28 U.S.C. § 1391(b) because Plaintiff is a resident of Clark County, Nevada and because Defendant is subject to personal jurisdiction in Clark County, Nevada; conducts business in Clark County, Nevada; the events giving rise to this action occurred in Clark County, Nevada; and Defendant is registered with the Nevada Secretary of State as a foreign limited liability company and has appointed a registered agent in Nevada.

**PARTIES**

6. Plaintiff is a natural person residing in the County of Clark, State of Nevada. In addition, Plaintiff is a "consumer" as that term is defined by 15 U.S.C. § 1681a(c).

7. Milliman regularly assembles and/or evaluates consumer credit information for the purpose of furnishing consumer credit reports to third parties, and uses interstate commerce to prepare and/or furnish the reports. Equifax is a "consumer reporting agency" as that term is defined by 15 U.S.C. § 1681a(f).

8. Unless otherwise indicated, the use of Defendant's name in this Complaint includes all agents, employees, officers, members, directors, heirs, successors,

KRIEGER LAW GROUP, LLC
2850 W. Horizon Ridge Pkwy, Suite 200
Henderson, Nevada 89052

assigns, principals, trustees, sureties, subrogees, representatives, and insurers of Defendant.

**Milliman Failed to Appropriately Respond to Plaintiff's Written Dispute**

9. In an Milliman credit report dated January 8, 2020, Milliman reported obsolete information regarding Plaintiff's medical history.

10. On or about October 12, 2020, pursuant to 15 U.S.C. § 1681i(a)(2), Plaintiff disputed Milliman's reported information regarding misreported trade lines by notifying Milliman, in writing, of the incorrect and inaccurate credit information reported by Milliman.

11. Specifically, Plaintiff mailed a written dispute, first class US Mail, to Milliman ("Dispute Letter"), requesting disputed obsolete information be removed, corrected, or deleted.

12. Milliman was required to conduct an investigation into the disputed information on Plaintiff's consumer report pursuant to 15 U.S.C. § 1681i.

13. On or about February 18, 2021, Plaintiff received notification from Milliman through its "reinvestigation" that Milliman received notice of Plaintiff's dispute pursuant to 15 U.S.C. § 1681i(a)(6).  However, Milliman claimed it was unable to make the corrections Plaintiff requested because "…the information contained in the report was specific to the time and insurance company, so we cannot remove items that are subsequently outdated".

KRIEGER LAW GROUP, LLC
2850 W. Horizon Ridge Pkwy, Suite 200
Henderson, Nevada 89052

KRIEGER LAW GROUP, LLC
2850 W. Horizon Ridge Pkwy, Suite 200
Henderson, Nevada 89052

14. A reasonable investigation by Milliman would have provided an updated report with the obsolete information removed.

15. Milliman failed to conduct a reasonable investigation as required by 15 U.S.C. § 1681i(a), and failed to remove obsolete information in connection with Plaintiff's credit reports.

### FIRST CAUSE OF ACTION
### VIOLATION OF THE FAIR CREDIT REPORTING ACT
### 15 U.S.C. § 1681 *ET SEQ.* (FCRA)

16. Plaintiff incorporates by reference all the above paragraphs of this Complaint as though fully stated herein.

17. Defendant failed to conduct a reasonable investigation as required by 15 U.S.C. § 1681i(a), and refused to remove obsolete information in connection with Plaintiff's credit reports.

18. Defendant failed to review all relevant information provided by Plaintiff in the dispute to Defendant, as required by and in violation of 15 U.S.C. § 1681i(a).

19. Upon receipt of Plaintiff's dispute, Defendant failed to conduct an investigation with respect to the disputed information as required by 15 U.S.C. § 1681i(a).

20. Reporting and re-reporting the above-referenced derogatory information also constituted a violation of 15 U.S.C. § 1681g(a) because the lack of clarity in

the information reported and re-reported has the tendency to confuse ordinary consumers like Plaintiff.

21. Despite Plaintiff's efforts to correct Defendant's obsolete reporting in writing, Defendant neglected, refused, or failed to do so.

22. Defendant's continued reporting of obsolete items in light of its knowledge of the actual errors was willful.  Plaintiff is, accordingly, eligible for statutory damages.

23. Also as a result of Defendant's continued inaccurate and negative reporting, Plaintiff has suffered actual damages, including without limitation fear of credit denials, out-of-pocket expenses in challenging Defendant's wrongful representations, damage to her creditworthiness, and emotional distress.

24. By inaccurately reporting obsolete information after notice and confirmation of their errors, Defendant failed to take the appropriate measures as required under 15 U.S.C. § 1681e(b) and1681i(a).

25. The foregoing acts and omissions constitute numerous and multiple willful, reckless, or negligent violations of the FCRA, including but not limited to each and every one of the above-cited provisions of the FCRA, 15 U.S.C. § 1681.

26. As a result of each and every willful violation of the FCRA, Plaintiff is entitled to actual damages as the Court may allow pursuant to 15 U.S.C. §

KRIEGER LAW GROUP, LLC
2850 W. Horizon Ridge Pkwy, Suite 200
Henderson, Nevada 89052

1681n(a)(1); statutory damages pursuant to 15 U.S.C. § 1681n(a)(1); punitive

damages as the Court may allow pursuant to 15 U.S.C. § 1681n(a)(2); and

reasonable attorney's fees and costs pursuant to 15 U.S.C. § 1681n(a)(3) from

Defendant.

27. As a result of each and every negligent noncompliance of the FCRA, Plaintiff

is entitled to actual damages as the Court may allow pursuant to 15 U.S.C. §

1681o(a)(1); and reasonable attorney's fees and costs pursuant to 15 U.S.C. §

1681o(a)(2) from Defendant.

## PRAYER FOR RELIEF

Plaintiff respectfully requests the Court grant Plaintiff the following relief

against Defendant:

### FIRST CAUSE OF ACTION
### VIOLATION OF THE FAIR CREDIT REPORTING ACT
### 15 U.S.C. § 1681 ET SEQ. (FCRA)

- actual damages pursuant to 15 U.S.C. § 1681n(a)(1);

- statutory damages pursuant to 15 U.S.C. § 1681n(a)(1);

- punitive damages as the Court may allow pursuant to 15 U.S.C. § 1681n(a)(2);

- costs of litigation and reasonable attorney's fees, pursuant to 15 U.S.C. § 1681n(a)(3), and 15 U.S.C. § 1681(o)(a)(1) against Defendant for each incident of negligent noncompliance of the FCRA; and

- any other relief the Court may deem just and proper.

**TRIAL BY JURY**

28. Pursuant to the Seventh Amendment to the Constitution of the United States

of America, Plaintiff is entitled to, and demands, a trial by jury.

Dated: June 3, 2021

Respectfully submitted,

By    /s/ David Krieger, Esq.
      David Krieger, Esq.
      Nevada Bar No. 9086
      Shawn Miller, Esq.
      Nevada Bar No. 7825
      KRIEGER LAW GROUP, LLC
      2850 W. Horizon Ridge Parkway
      Suite 200
      Henderson, Nevada 89052
      Phone: (702) 848-3855
      Email: dkrieger@kriegerlawgroup.com
      Email: smiller@kriegerlawgroup.com

**KRIEGER LAW GROUP, LLC**
2850 W. Horizon Ridge Pkwy, Suite 200
Henderson, Nevada 89052